UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LADAIJAH PHILLIPS,

    Plaintiff,

v.                                      Case No: 8:15-cv-1909-T-30TBM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and,
UNITED SERVICES AUTOMOBILE
ASSOCIATION,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff's Motion to Amend Complaint and Motion for Remand to State Court (Dkt. #5) and Defendants' Motion to Remand to State Court (Dkt. #6). Upon review and consideration, the motions are granted.

Both Plaintiff and Defendants seek remand to state court on the grounds that complete diversity is lacking in the case. But to the parties, diversity is lacking in different ways. To Plaintiff, the alleged tortfeasor in this automobile collision case, whom the Plaintiff seeks leave to add as a named Defendant, is a Florida resident who destroys diversity. To Defendants, already-named Defendant United Services Automobile Association is a reciprocal inter-insurance exchange with insureds who are residents of Florida, making the Association, for the purpose of establishing diversity, a resident of Florida.

The Defendants are correct. *See Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1086 (11th Cir. 2010) ("[U]nincorporated associations do not themselves have any citizenship, but instead must prove the citizenship of each of their members to meet the jurisdictional requirement of 28 U.S.C. §1332."). As for Plaintiff's Motion, the Court notes that the Federal Rules of Civil Procedure provide for the liberal amendment of pleadings, which "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see Stevens v. Gay*, 864 F.2d 113, 116 (11th Cir. 1989). The Court further finds that Plaintiff's complaint, as amended, would not be futile to the relief Plaintiff seeks. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). However, because the Court concludes that Plaintiff and Defendant United Services Automobile Insurance fail to satisfy this Court's diversity requirement, the Court lacks jurisdiction and will not decide Plaintiff's Motion to Amend. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 586 119 S.Ct. 1563 (1999) ("[A] district court will ordinarily conclude that federalism concerns tip the scales in favor of initially ruling on the motion to remand.") (internal quotations omitted).

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Remand (Dkt. #6) is GRANTED.
2. The portion of Plaintiff's Motion to Amend and Remand (Dkt. #5) seeking remand is therefore moot; the portion seeking leave to amend remains pending for the state court's consideration.

3. The Clerk is directed to remand this action to the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida, in and for Hillsborough County, and provide that court with a copy of this Order.

4. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 16th day of September, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record